

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **KENNETH MILLER,** § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | **CIVIL ACTION NO. 9:05-CV-87 (TH)** |
| § | | Bench |
| **NORTH AMERICAN BENEFITS COMPANY,** § | | |
| **ACE INSURANCE COMPANY OF TEXAS and** § | | |
| **ALLIANZ LIFE INSURANCE COMPANY OF** § | | |
| **NORTH AMERICA,** § | | |
| § | | |
| *Defendants.* § | | |

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

Before the Court is a *Motion to Strike Jury Demand* [Clerk's Docket No. 8] filed July 1, 2005. Having considered the motion, and taking into account that the motion is not opposed,[1] the Court is of the opinion that the motion should be granted.

### I. FACTUAL & PROCEDURAL BACKGROUND

This action is before the court following removal from the 258th District Court of Polk County, Texas. In his initial state court pleadings, plaintiff Kenneth Miller alleges that he sustained hearing loss when he fell from his truck while unloading timber in the course and scope of his employment. *See Appendix A to Notice of Removal* [Clerk's Docket No. 1]. On March 8, 2005 plaintiff Kenneth Miller filed suit against defendants alleging they "failed and refused to pay Plaintiff the benefits owed to him" as a result of the aforesaid incident. *Id.* Defendants removed the action to federal court on the ground that ERISA completely preempts plaintiff's state law claims because the insurance plans at issue were established and are maintained by his employer pursuant to ERISA. Plaintiff did not seek remand. On April 14, 2005, plaintiff made a demand [Clerk's Docket No. 4] for trial by jury, which defendants now seek to have stricken.

---

[1] "In the event a party fails to oppose a motion in the manner prescribed [by the rules], the court will assume that the party has no opposition." LOCAL RULE CV-7(d).

## II.  LEGAL BACKGROUND – ERISA

The EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA), codified at 29 U.S.C. § 1001 *et seq.*, is a comprehensive federal statute which regulates employee benefit plans.  ERISA established the regulation of benefit plans as a matter exclusively of federal concern.  *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000), *cert. denied* 531 U.S. 1191, 121 S. Ct. 1189 (2001).  Central to ERISA's carefully integrated civil enforcement scheme is its expansive preemption of state law, the purpose of which is to assure nationally uniform administration of employee benefit plans.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S. Ct. 1549, 1552 (1987).  By eliminating all state laws bearing upon plans, ERISA is designed to minimize the administrative and financial burdens of complying with conflicting directives among states and between states and the federal government.  *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S. Ct. 478, 482 (1990).

There are two types of preemption under ERISA: complete preemption and express preemption.  *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002).  Complete preemption exists when a state law implicates a remedy within the scope of ERISA's civil enforcement scheme.  *Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003).  ERISA completely preempts state laws pertaining to: (1) recovery of  benefits due under a plan; (2) enforcement of rights under a plan; (3) clarification of rights to future benefits under a plan; (4) relief on behalf of the plan against plan fiduciaries; (5) injunctive relief with respect to a plan; and (6) equitable relief for violation of ERISA or plan terms.  29 U.S.C. § 1132(a).  When Congress so completely preempt a particular area, "any civil complaint raising this select group of claims is necessarily federal in character."  *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987).  When such claims are pled, they are, for all practical purposes,  converted into a federal claim arising under ERISA.  *Id.*  481 U.S. at 65, 107 S. Ct. at 1547.  In this way, ERISA effectively *eliminates* state laws seeking parallel relief, regardless of how artfully pled as a state action.  *Haynes*, 313 F.3d at 333.  This is so even if ERISA does not provide a remedy for the facts alleged.  *Pilot Life*, 481 U.S. at 54, 107 S. Ct. at 1556.  "The policy choices reflected in the inclusion of certain remedies and exclusion of others under the federal scheme would be completely undermined" if litigants "were free to obtain remedies under state law that Congress rejected in ERISA."  *Id.*

ERISA claims do not entitle a plaintiff to trial by jury.  *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. Unit A 1980).  This is so becasue "ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity."  *Id.* (*citing  Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989)).  That plaintiff seeks monetary damages–traditionally the form of relief offered in courts of law–does not change this result, as such damages are more appropriately characterized as

restitutionary in nature.

### III.  ORDER

**IT IS THEREFORE ORDERED** that the *Motion to Strike Jury Demand* [Clerk's Docket No. 8] is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **RESET** for the December bench docket.

**SO ORDERED**.

**SIGNED** this the **19** day of **July, 2005.**

_____
Thad Heartfield
United States District Judge